Ray Anthony DUVALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00237–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

George Steve Hebert, Huffman, TX, for Appellant.

Michael R. Little, Dist. Atty., Anahuac, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Ray Anthony Duvall, of possession of marihuana in an amount of 50 pounds or less, but more than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). Upon appellant's plea of true to the prior felony offense of manslaughter, the trial court assessed appellant's punishment at 10 years in prison and a $1,500 fine. We determine whether the evidence was legally sufficient to show venue and knowing or intentional possession of the marihuana. We affirm.

### Facts

On August 19, 2001, Baytown Police Department officers were conducting surveillance at the La Quinta Inn in Baytown, Harris County, Texas. Individuals, including appellant, came in and out of the hotel room and appeared to be waiting for something.[1] At one point, the officers observed appellant leaving the room with what appeared to be an empty duffle bag. When appellant returned, he was carrying the same duffle bag, which now appeared to contain a heavy object. A "flurry of activity" by the room's occupants followed ap-

---

1. One officer opined that heavy foot traffic in and out of a hotel room was consistent with possible drug activity.

pellant's return, including the throwing away of dog and cat repellent in a trash can located right outside the room's door.[2] An officer then observed appellant placing the same duffel bag, which still appeared to be "full" and "heavy," into the trunk of a Honda Accord. The flurry of activity continued. Appellant and three other individuals from the hotel room eventually got into appellant's Suburban and left the hotel; another individual from the hotel room drove away in the Honda Accord. The two vehicles were traveling together, in tandem.[3] One of the officers who witnessed the vehicles traveling this way had previously observed drug carriers travel in tandem.

The two vehicles traveled east on Interstate Highway 10 ("I–10") and stopped briefly at a truck stop in Harris County, during which stop nothing was placed into the Honda Accord. The vehicles left and again headed east on I–10, into Chambers County, Texas. The officers stopped the Suburban on a portion of I–10 that was in Chambers County. The Suburban did not contain any luggage, clothing, or overnight bags, the absence of which was a characteristic of a short turn-around trip by narcotics carriers. Officers also stopped the Honda Accord in Chambers County, near where the Suburban was stopped. The Honda Accord did not contain any luggage or clothing, but officers found in the vehicle's trunk the duffel bag that appellant had previously placed there. Dog and cat repellent had been sprinkled all over the inside of Honda Accord's trunk in what appeared to be an attempt "to mask the odor of marihuana." Inside the duffel bag,

the officers found several cellophane-wrapped packages containing over 20 pounds of marihuana that appeared to be packaged for transport.

## Sufficiency of the Evidence

In his first and second points of error, appellant argues that the trial court erred in denying his motion for instructed verdict because the evidence was legally insufficient to show venue in Chambers County and to show that appellant intentionally or knowingly possessed the marihuana as either a principal or as a party.

■■■■ We construe a challenge to a trial court's denial of a motion for instructed verdict as a challenge to the legal sufficiency of the evidence. *See Canales v. State,* 98 S.W.3d 690, 693 (Tex.Crim.App.2003). In a legal-sufficiency review, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (or, for venue, whether any rational trier of fact could have found, by a preponderance of the evidence, that the offense occurred in the county alleged). *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim.App.2000); *Johnson v. State,* 23 S.W.3d 1,7 (Tex.Crim.App.2000); *see Murphy v. State,* 112 S.W.3d 592, 604, 605 (Tex.Crim.App.2003) (setting out State's burden to prove venue and reviewing matter for sufficiency of evidence). We must not substitute our own judgment for that of the fact finder, which is entitled to believe all, some, or none of any witness's testimony. *See Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App.1996); *Sharp v.*

---

**2.** Officers would later find what appeared to be dog and cat repellent residue on the hotel room's carpet. Officers also found two plastic bags with marihuana residue in the same external trash can. Another officer would later find evidence in the hotel room that, along with the materials found in the outside

trash can, led him to believe that the room had been used for narcotics' packaging.

**3.** For example, when one vehicle changed lanes, the other would, too. Additionally, the cars were "bumper locked," meaning that they were traveling at an unsafely close distance from each other.

*State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986).

## A. Venue

█ Appellant devotes most of his first point of error to challenging the trial court's denial of his motion for instructed verdict for improper venue.[4] Specifically, appellant argues that all of his individual actions, including those that could make him liable as a party to the offense, occurred in Harris County, not Chambers County. From this position, appellant asserts that he could not be charged with any offense occurring in Chambers County because (1) he was only a party to the possession offense to the extent that it occurred in Chambers County and (2) a party to the offense may be prosecuted only in the county in which his "party-predicate" acts—that is, those acts that solicited, encouraged, directed, aided, or attempted to aid another to commit the offense—occurred, rather than in the county in which the offense actually occurred.

█ "An offense of possession or delivery of marihuana may be prosecuted in the county where the offense was committed or with the consent of the defendant in a county that is adjacent to and in the same judicial district as the county where the offense was committed." TEX.CODE CRIM. PROC. ANN. art. 13.22 (Vernon 2005). The State must prove venue by a preponderance of the evidence. *Murphy,* 112 S.W.3d at 604. Proof of venue may be established by direct or circumstantial evidence. *Sixta v. State,* 875 S.W.2d 17, 18 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Evidence is sufficient to establish venue if the jury could reasonably conclude from the evidence that the offense occurred in the county alleged. *Couchman v. State,* 3 S.W.3d 155, 161 (Tex.App.-Fort Worth 1999, pet. ref'd).

█ The jury was charged on the law of parties. Under the law of parties, a person is criminally responsible for the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 2003). "The evidence must show that, at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose." *McKinney v. State,* 177 S.W.3d 186, 197 (Tex.App.-Houston [1st Dist.] 2005, pet. granted) (citing *Ransom v. State,* 920 S.W.2d 288, 302 (Tex.Crim.App.1994)). "In determining whether a defendant participated in an offense as a party, the factfinder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the defendant that show an understanding and common design to commit the offense." *Id.*

We hold that a jury could rationally have concluded that appellant's possession as a party occurred in Chambers County. Appellant admits that he has found no authority holding that one must be prosecuted as a party in the county in which the party-predicate acts occurred, as opposed to in the county in which the offense itself occurred, and we have found no such authority. Indeed, the law has expressly been to the contrary for 112 years.[5] *See Carlisle v. State,* 31 Tex.Crim. 537, 21 S.W.

---

4. Appellant also challenges, under his first point of error, the sufficiency of the evidence to show that he was liable as a party to the offense. We discuss that portion of this point of error in our discussion of appellant's second point of error.

5. Even if appellant's premise were somehow correct, there would still be sufficient evidence that he committed the party-predicate acts in Chambers County. Viewed in the required light, the undisputed testimony showed that both cars drove in tandem into Chambers County, one following the other, in

358, 358–59 (1893) (holding that accomplice could be prosecuted in county X, where principal committed charged offense, although accomplice's acts occurred only in county Y: under agency theory, principal's acts in county X were deemed to be acts of accomplice in county X); *accord, e.g., Baker v. State,* 124 Tex.Crim. 300, 62 S.W.2d 132, 135 (1933) (op. on reh'g); *Fondren v. State,* 74 Tex.Crim. 552, 169 S.W. 411, 416 (1914); *Burkhalter v. State,* 655 S.W.2d 215, 221 (Tex.App.-Corpus Christi 1982), *pet. dism'd,* 655 S.W.2d 208 (Tex.Crim. App.1983); *see Carbough v. State,* 49 Tex. Crim. 452, 93 S.W. 738, 739–40 (1906) (noting holding in *Carlisle* ).

We overrule this portion of appellant's first point of error.

## B. Possession

■ In his second point of error, appellant claims that the trial court erred in denying his motion for directed verdict because there was legally insufficient evidence to show that he knowingly or intentionally possessed the marihuana. Under the remaining portion of his first point of error, appellant argues that there was legally insufficient evidence to show that he was a party to the offense.

■ By statute and under the indictment here, the State had to prove beyond a reasonable doubt that appellant intentionally or knowingly possessed a usable quantity of marihuana that was 50 pounds or less, but more than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (Vernon 2003). " 'Possession' means actual care, custody, control, or management." TEX. PEN.CODE ANN. § 1.07(a)(39) (Vernon Supp.2005). To convict an accused of unlawful possession of a controlled substance, the State must prove that the accused (1) exercised care, custody, control, or management over the contraband and (2) knew that the matter was contraband. *Gilbert v. State,* 874 S.W.2d 290, 297 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). The accused's mere presence at a location at which narcotics are also present and over which he does not exercise sole control does not necessarily establish possession; rather, some evidence must also affirmatively link him to the contraband. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). The law of parties, on which the jury was charged, is set out above.

We hold that the evidence set out above—including, for example, that appellant carried a bag that appeared heavy to and from a hotel room in or immediately outside of which scent-masking residue and marihuana residue were found, that he placed that same bag into the Honda Accord's trunk, that that same bag contained over 20 pounds of marihuana when removed from the trunk, that nothing else had been placed in the Honda Accord's trunk when the vehicles had stopped shortly before, that the Honda Accord's trunk was lined with cat and dog repellent in an apparent effort to mask the marihuana's odor, that the vehicles traveled in tandem in a way that drug transporters might, and that neither vehicle contained any luggage or clothing—sufficiently proved both knowing or intentional possession and party status.[6]

---

a travel pattern consistent with that used by some drug carriers. Following (or leading) a car carrying drugs, as part of a combined effort to transport the drugs, is "encourag[ing], ... aid[ing], or attempt[ing] to aid" the actual possessor of the contraband. *See* TEX. PEN.CODE ANN. § 7.02(a)(2). That behav-

ior occurred both in Harris County *and* in Chambers County.

**6.** We do not consider matters such as the officers' potentially obstructed or unclear view at the hotel and the possibility that the actors' behavior at the hotel was consistent with lawful behavior—to which appellant

We overrule appellant's second point of error and the remainder of his first point of error.

## Conclusion

We affirm the judgment of the trial court.

points under his second point of error—because these matters are not viewed in the required light for a legal-sufficiency review.