Opinion issued February 12, 2009









 
 



    

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00712-CR
____________

CANDACE SUE THIERRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 434th District Court
Fort Bend County, Texas
Trial Court Cause No. 43,039




O P I N I O N

          A jury convicted appellant, Candace Sue Thierry, of fraudulent use or
possession of identifying information and assessed punishment at 15 months in state
jail. See Tex. Penal Code Ann. § 32.51 (Vernon Supp. 2008). We determine (1)
whether appellant preserved any error regarding certain prosecutorial comments
during opening statement and closing argument and any error regarding the admission
of certain testimony from the complainant, (2) whether the trial court abused its
discretion in admitting a videotape, and (3) whether the trial court erred in denying
appellant’s motion for directed verdict challenging the sufficiency of the evidence to
establish venue. We affirm.
Facts
          Sue Speck, the complainant, was referred to Dr. Campos at Oncology
Consultants for chemotherapy and followup treatments, following surgery for breast
cancer in 1994. She visited his offices from 1994 through 2005, initially going every
six weeks, then every few months, and finally once a year. At each appointment,
Speck was required to disclose identification information, including address, social
security number, driver’s license number, and date of birth on forms for her patient
record. Appellant was employed at Oncology Consultants during 2005 as a medical
assistant and had access to patient information. 
          In September of 2005, Speck began receiving credit cards in the mail, in
variants of her name, from companies with whom she did not have credit accounts. 
One was a Mervyn’s card in the name of Candace S. Speck. Speck, who was the
mayor of Hedwig Village, contacted the Hedwig Village Police Department. 
          As part of his investigation of the matter, Hedwig Village Police Detective
Steven Packard called each of the stores from which Speck received credit cards. 
Paul Parent, the loss-prevention manager at Mervyn’s, found receipts and videotaped
footage of the transactions on the store’s video security system, which had recorded
someone using identifying information to open a credit account that matched the
account information Packard had given to the store.  
          Packard put together a photo array, which included appellant’s picture, and
showed it to Sybil Moji, the cashier who handled the transaction, who immediately
identified appellant as the person who had opened a credit account and had given
personal information in order to do so. Packard also presented the photographic array
to Parent after he had reviewed the videotape, and Parent identified appellant,
although he was not “100 percent” certain of the identification. 
          Packard, with the assistance of another Hedwig Village police officer, a Texas
Ranger whom he had contacted for assistance in the investigation of the case, and
uniformed Houston Police Department officers, arrested appellant at her home after
obtaining a warrant. After determining that appellant was at home, the police
knocked on her door. It was ultimately answered by a man who stated that appellant
had left the home and he did not know where she had gone. The police searched the
home and found appellant hiding in a closet, on the floor, under a pile of clothes. 
           At trial, Speck identified appellant in the courtroom as Candace Sue Thierry,
whom she knew as an employee of Dr. Campos. Speck stated that she had never
given appellant authorization to use her information or to apply for a Mervyn’s card
for her. Moji also identified appellant in court as the person who had opened a credit
account at Mervyn’s and she detailed the transaction that she had handled with
appellant. Parent testified to the workings of the store’s specialized multiplex
recording system. He explained how he had linked the particular transactions to
particular recordings, described how he had transferred the pertinent recordings to a
videotape which was given to Detective Packard, and identified Moji and appellant
as being on the videotape, which was admitted into evidence.
Opening Statement
          In her first and second issues, appellant argues that the trial court erred in
overruling her objections to several comments by the State during its opening
statement.
A.      Improper argument
          The first comment of which appellant complains occurred in the following
fashion.
          State:                     This is an identity theft. I’m sure many of you, when
you have gone to a bank or when you call Time Warner,
almost anybody you call, anybody you have an account
with, you know, that the first question you always get
asked are [sic], what is your name, then they want to
know your social security number, and what your
driver’s license number is. And most of you, I’m sure,
have developed already a resonance [sic] or an
unwillingness to want to give out too much of that
information . . . .Well, that was the case with a lady by
the name of Sue Speck . . . . [S]he was diagnosed with
breast cancer. And so she had to go to an oncologist . . .
to get treatment and chemo . . . . And each year when
she would show up, the same people, even though some
of them knew her, would ask her in the same crowded
room: What is your social security number, what is your
driver’s license number. And this is what the evidence
is going to show you. 
 
By the way, you don’t have to take my word for
anything. Everything that I’m about to say here is
going to be proven to you by somebody taking that
witness stand and taking the oath. And I don’t think
you’ll see that I have any reason to lie. Anyhow, they
will—she will tell you that each . . .
 
          Defense Counsel:  Objection, Your Honor, at that last comment; ask for an
instruction to the jury to disregard about whether or not
he had a reason to lie. It’s not the issue before this
Court, and improper opening. 
 
Court:                    Well, there’s a certain flexibility in opening
statement. And the prosecution is making his
statement of what he believes he’ll be able to prove
to you. And you must take that statement in that
context, and not as an assertion of facts or his
individual credibility or anything of that nature. Go
right ahead.
 
(Emphasis added). No further objections or requests on this matter were made.
          On appeal, appellant asserts that the contested statement were an attempt to
inflame the minds of the jurors and bolster the prosecutor’s personal credibility and
were improper because they were not statements of what the State expected to prove
at trial.
          The record reflects that the trial court never ruled on appellant’s objection and
appellant did not press the court for a ruling nor object to the lack of a ruling. The
court even gave the jury an instruction that addressed appellant’s stated concern,
albeit not an instruction to disregard. However, appellant did not object to the
instruction given, nor did she make any further request or complaint to the court on
this matter. 
          In order to preserve error for appeal, a complaining party must not only object,
but must obtain an adverse ruling on the record or object to the trial court’s refusal
to rule on the objection. Tex. R. App. P. 33.1(a); accord Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that “[b]efore a defendant will be
permitted to complain on appeal about an erroneous jury argument . . . he will have
to show he objected and pursued his objection to an adverse ruling”); DeRusse v.
State, 579 S.W.2d 224, 235 (Tex. Crim. App. 1979) (holding that “[a]n objection to
argument must be pressed to the point of procuring a ruling or the objection is
waived”). Appellant did not object to the trial court’s response, which failed to rule
on her objection, nor did she object to the trial court’s failure to rule, so she may not
complain now on appeal.


 Tex. R. App. P. 33.1(a); Cockrell, 933 S.W.2d at 89;
DeRusse, 579 S.W.2d at 235. We accordingly overrule appellant’s first issue.
B.      Violation of motion in limine
          Appellant’s second issue complains generally of the State’s “continually”
commenting on “identification evidence which was subject to Appellant’s Motion in
Limine, Motion to Suppress In-Court Identification of the Defendant, and Motion to
Suppress Photographic Identification,” in alleged violation of the trial court’s ruling
on appellant’s motion in limine. Appellant does not identify the particular comments
or rulings complained of on appeal, but rather simply refers to certain pages of the
record. Appellant also does not cite to the portion of the record containing a ruling
on her motion in limine.


 On the pages of the record that are cited by appellant
appear (1) an unruled-on objection that “this is an issue that was addressed in a
motion in limine” during a description of Steve Packard’s expected testimony
regarding the creation of a photo-lineup, (2) several unobjected-to references to the
identification of appellant by witnesses, and (3) a protest—during a remark by the
State during opening statement that witness Sybil Moji would identify appellant as
the one who opened the account—that the State was “again[] addressing an issue[]
that was raised in the motion in limine,” followed immediately by a motion for
mistrial, and an argument outside of the presence of the jury. The trial judge
ultimately stated that he was “going to overrule [it]


 for the time being.”
          It is well settled that “mere reference to pages in the record does not
sufficiently identify testimony, the objections thereto, and the court’s rulings thereon
to constitute a ground of error.” Thomas v. State, 701 S.W.2d 653, 662 (Tex. Crim.
App. 1985). Nor is an appellate court required to search through the record for
support of an appellant’s assertion of error. See Hajjar v. State, 176 S.W.3d 554, 566
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). Nevertheless, we have reviewed
the record and note that, while appellant complains that the prosecutor “continuously”
made reference to “identification” during opening statement, appellant did not
complain on every occasion during opening statement when the identification of
appellant by witnesses was referred to by the State. Appellant has therefore forfeited
review of this issue. See Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App.
2003) (noting that appellant must object on every occasion that inadmissible evidence
is offered). 
          We also observe that appellant does not complain on appeal that any
identification evidence subject to any motion in limine order was improperly admitted
by the trial court. Rather, her complaint is limited to the State’s alleged violation of
the trial court’s motion in limine order by making references to “identification
evidence” during opening statement. Appellant’s objection below, upon which she
relies, likewise did not complain of the admission of any improper evidence but only
of the State’s alleged violation of the trial court’s order on the motion in limine by
referencing “identification” evidence.
          A motion in limine is “a method of raising objection to an area of inquiry prior
to the matter reaching the ears of the jury through a posed question, jury argument,
or other means . . . . However, it is also, by its nature, subject to reconsideration by
the court throughout the course of the trial. This is because it may not be enforced
to exclude properly admissible evidence.” Norman v. State, 523 S.W.2d 669, 671
(Tex. Crim. App. 1975). A motion in limine is not a ruling that excludes evidence;
rather, it merely requires the parties to approach the trial court for a definitive ruling
before attempting to put on evidence within the scope of the motion in limine order. 
Bobo v. State, 757 S.W.2d 58, 61 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). 
“It is axiomatic that motions in limine do not preserve error.” Harnett v. State, 38
S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref’d). A ruling on a motion in
limine is not a ruling on the merits but one which regulates the administration of a
trial. Id. Accordingly, the violation of a ruling on a motion in limine may entitle a
party to relief, but any remedy for such violation lies with the trial court, who may
hold the litigant or attorney in contempt or use other remedies or sanctions. Brazell
v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972). Because appellant does not
complain on appeal of the actual admission of the identification evidence in question
at trial, she has preserved nothing for our review. See Harnett, 38 S.W.3d at 655
(holding that where appellant objected to violation of order granting motion in limine,
not to admission of evidence itself, no error preserved). We overrule appellant’s
second issue.
Admission of Evidence
          Appellant’s third and fourth issues complain of the trial court’s admission of
certain evidence at trial over appellant’s objections.
A.      Evidence of cancer treatment
          In her third issue, appellant argues that the trial court erred in admitting
evidence of the complainant’s medical history and contends that the State should not
have been allowed to “harp on the circumstances of [the complainant’s] illness and
the frequency of her visits due to the inflammatory nature of the testimony.”
Appellant avers that the State went into “excessive detail” in establishing that
appellant had the opportunity to commit the crime because the complainant was
visiting appellant’s employer for treatment and that such testimony was in violation
of Rules 402 and 403 of the Texas Rules of Evidence. 
          Appellant does not set out the particular testimony that she alleges is error but
rather simply refers to several pages of the record. As previously noted, mere
reference to pages of the record does not sufficiently identify a complaint for review. 
Thomas, 701 S.W.2d at 662. Our examination of the cited portion of the record,
however, reveals (1) objections to a question regarding the complainant’s initial
cancer treatment as being irrelevant and unfairly prejudicial, which objections were
overruled, followed by (2) testimony about the complainant’s initial treatment and the
subsequent course and nature of her cancer treatment, during which only one
objection was made—that an answer was “non-responsive”— and finally (3) after the
State asked the complainant on what schedule she had to go back to the oncologist,
a renewal of the objection “that we made before the bench”


 and a request for a
“continuing objection on those [sic] line of questions.” The trial court granted the
continuing objection, which was followed by testimony which established that the
complainant went to Dr. Campos’s office every year, after having a mammogram, for
a physical exam and bloodwork, and that she had gone to the office in 2004 and in
spring or early summer of 2005. 
          In order to preserve error regarding the admission of evidence, an appellant
must make a timely objection to each instance in which the objectionable testimony
is elicited. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Any
error in the admission of evidence is cured where the same evidence comes in
elsewhere without objection. Id. Thus, where there is an objection to the first
question on a particular subject, but no objection to subsequent questions on the same
subject, no error is preserved regarding the admission of testimony on that subject. 
Id. at 859–60; see also Salazar v. State, 131 S.W.3d 210, 214–15 (Tex. App.—Fort
Worth 2004, pet. ref’d). A defendant may preserve error as to the admission of all
testimony on a certain subject by lodging a timely running objection to it, but when
substantially similar testimony has already been admitted without objection, a
subsequent running objection is untimely and does not preserve error. See Ethington,
819 S.W.2d at 859–60 (holding that error not preserved when initial objection was
overruled and appellant did not object to subsequent detailed testimony on same
subject, stating that “initial objection should have been followed by further objections
or a request for a ‘running’ objection”); Cole v. State, 987 S.W.2d 893, 895 (Tex.
App.—Fort Worth 1998, pet. ref’d) (determining that appellant waived error in 
admission of evidence of extraneous incidents because appellant did not object to 
testimony about incidents; holding that, even though appellant later made running
objections to testimony regarding incidents, objections were untimely and did not
preserve error for appeal).
          In the present case, appellant made an objection, early in the complainant’s
testimony, that questions regarding the complainant’s cancer treatment were
irrelevant and unfairly prejudicial. This objection was overruled, and appellant did
not at that time request a continuing objection nor lodge any further objection. The
prosecutor went on to ask the complainant nine more questions about her cancer
treatment, and the complainant responded with details about her treatment, including
its nature and frequency, without any objections from appellant as to relevance or
unfair prejudice. Only after such testimony was already before the jury, without
objection, did appellant renew her Rule 402 and 403 objections and ask for a
continuing objection “on those [sic] line of questions.” Appellant failed to preserve
her complaints for appellate review. Ethington, 819 S.W.2d at 859–60; Salazar, 131
S.W.3d at 214–15; Cole, 987 S.W.2d at 895. We overrule appellant’s third issue.
B.      Admission of videotape
          In her fourth issue, appellant complains of the trial court’s admission of the
Mervyn’s store videotape, which she contends was admitted without proper
authentication. Appellant specifically asserts that, in order for a videotape to be
admitted, the sponsoring witness must be the videographer or a person who observed
the scene depicted on the video. Appellant argues that Paul Parent, the loss-prevention officer for Mervyn’s and the witness through whom the tape was
sponsored, lacked personal knowledge because he did not operate the camera or
witness the events on the tape, and, therefore, the trial court abused its discretion in
admitting the videotape.


 
          The authentication requirement for the admission of evidence is set out in
Texas Rule of Evidence 901. Tex. R. Evid. 901; Angleton v. State, 971 S.W.2d 65,
67 (Tex. Crim. App. 1998). This requirement “is satisfied by evidence sufficient to
support a finding that the matter in question is what its proponent claims.” Tex. R.
Evid. 901(a). We review the trial court’s decision that the authentication requirement
was met under an abuse of discretion standard. Angleton, 971 S.W.2d at 67.
          We recently addressed a similar complaint in Page v. State, 125 S.W.3d 640,
648–49 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). Page argued that the
videotape of a robbery was not properly authenticated because it was sponsored
through the store’s loss-prevention investigator, who was not present at the store at
the time of the robbery. Id. at 645, 648. We noted that the authentication requirement
is set out in Texas Rule of Evidence 901 and is satisfied by “evidence sufficient to
support a finding that the matter in question is what its proponent claims.” Id. at 648. 
In Page, the sponsoring witness explained the functioning of the store’s 16-camera
digital recording system and how he had accessed recorded images from the system
shortly after the robbery, reviewed the recording with the police, copied the recording
onto a videotape, and given it to the officers. Id. He also testified that he had viewed
the videotape before trial and it had not been altered. Id. We held that such evidence
was sufficient to enable a reasonable juror to conclude that the videotape was what
the State claimed it was, and, therefore, the trial court did not abuse its discretion in
admitting the videotape into evidence. Page, 125 S.W.3d at 649.
          Page governs the resolution of appellant’s fourth issue. As in Page, the
sponsoring witness, Paul Parent, the loss-prevention officer for Mervyn’s, was not
present at the time of the incident. However, Parent described the intricacies of the
store’s multiplex recording system and its computer systems; he detailed how he was
able to link the encoding on the receipts to the time and date that the account was
opened, to the transactions in question, to the cashier, to the terminal, and finally to
the video camera that recorded the transactions; and he testified that he had
personally copied the relevant recordings from the multiplex to the videotape. He
further testified that he had viewed the video on the multiplex system, viewed it on
the tape on the day that he made the tape, and then viewed it again on the day prior
to his testimony and that it fairly and accurately represented what it purported to
show, namely, the events captured by the multiplex system on September 9, 2005. 
Parent testified that no alterations or deletions were made to the videotape. 
          This testimony is sufficient to enable a reasonable juror to conclude that the
videotape was what the State claimed it was. See Page, 125 S.W.3d at 648–49. We
hold that the trial court did not abuse its discretion in admitting the videotape into
evidence, and we overrule appellant’s fourth issue. Motion for Directed Verdict
          In her fifth issue, appellant asserts that the trial court erred in denying her
motion for directed verdict on the ground that venue in Fort Bend County was not
proven by a preponderance of the evidence. Appellant argues that the State did not
present specific testimony that of appellant’s actions took place in Fort Bend County. 
The State responds that both Packard and Parent testified that the Mervyn’s store
where appellant utilized complainant’s identifying information to open a credit card
account was in Fort Bend County.
A.      Standard of review
          A challenge to a trial court’s denial of a motion for instructed verdict on the
ground that the State failed to prove an essential element of an offense is construed as
a challenge to the legal sufficiency of the evidence. Canales v. State, 98 S.W.3d 690,
693 (Tex. Crim. App. 2003). Similarly, we view a challenge to a trial court’s denial
of a motion for instructed verdict on the ground that venue was not proven as an attack
on the sufficiency of the evidence to establish venue. See Duvall v. State, 189 S.W.3d
828, 830–31 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  
          Though venue must be established, it is not a “criminative fact” and so not a
constituent element of an offense. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim.
App. 1981). Therefore, it need only be proven by a preponderance of the evidence. 
Id.; see also Tex. Code Crim. Proc. Ann. art.13.17 (Vernon 2005) (“To sustain the
allegation of venue, it shall only be necessary to prove [venue] by the preponderance
of the evidence . . .”). As venue is not an essential element of an offense,


 the
sufficiency of the evidence to establish venue is not reviewed under the traditional
Jackson v. Virginia


 standard, nor any other standard established for reviewing the
sufficiency of the essential elements of an offense, but under a distinct and specific
standard articulated by the Court of Criminal Appeals in Rippee v. State. See Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964). Under this standard, evidence
is sufficient to establish venue if “from the evidence the jury may reasonably conclude
that the offense was committed in the county alleged.” Id.; Rangel v. State, 199
S.W.3d 523, 537 (Tex. App.—Fort Worth 2006) (citing Rippee), pet. dism’d,
improvidently granted, 250 S.W.3d 96 (Tex. Crim. App. 2008); Duvall,189 S.W.3d
at 831 (same); Sudds v. State, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.]
2004, no pet.) (same); 40 George E. Dix & Robert O. Dawson, Texas Practice:
Criminal Practice and Procedure § 2.87 (2nd ed., Supp. 2008–2009) (venue is
sufficiently proven “if there is evidence from which a trier of fact could conclude that
an element of the offense occurred in the county of prosecution”);


 see also Murphy
v. State, 112 S.W.3d 592, 605 (Tex. Crim. App. 2003) (holding evidence sufficient
where rational jury could have concluded venue proper). 
          In Duvall, which also involved the review of the denial of a motion for directed
verdict which challenged the sufficiency of the evidence to establish venue, we noted
—in a general introduction to our review of the issue—that a motion for directed
verdict is construed as a challenge to the legal sufficiency of the evidence, and then
we stated:
In a legal-sufficiency review, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt (or, for venue, whether any rational trier of fact could have found,
by a preponderance of the evidence, that the offense occurred in the
county alleged).
Duvall, 189 S.W.3d at 830. 
          This statement, however, was dictum, and, subsequently, in our specific
discussion of the particular standard of review to be used in determining the
sufficiency of evidence to establish venue, we cited the Rippee standard. Duvall, 189
S.W.3d at 831.


 We then applied the Rippee standard in our resolution of the issue. 
Id.


 To the extent that our Duvall dictum can be construed as articulating a different 
standard of review than that established in Rippee,


 we disavow it.
          Accordingly, when reviewing the sufficiency of the evidence to establish venue,
we determine whether the trier of fact could reasonably conclude from the evidence
that the offense was committed in the county alleged. Rippee, 384 S.W.2d at 718;
Duvall, 189 S.W.3d at 831. 
B.      Sufficiency of evidence to establish venue
          The evidence at trial demonstrated that appellant had given identifying
information to Sybil Moji, a sales associate at a Mervyn’s store, in order to apply for
a store credit account. This transaction was captured on the store’s recording system
and Parent, the loss prevention officer for the store, copied the recorded transaction
onto videotape, which was admitted into evidence at trial. Parent testified that the
store that he was assigned to was in First Colony Mall, Sugar Land, Texas, and its
boundaries were entirely within Fort Bend County. Detective Packard also testified
that “the location where the videotape . . . was shot,” and the business where he
interviewed Parent and Moji, was at First Colony Mall, in Sugar Land, and located
within Fort Bend County. 
          Venue may be proved by direct or circumstantial evidence, Black v. State, 645 
S.W.2d 789, 791 (Tex. Crim. App. 1983), and a jury may make reasonable inferences
from the evidence to decide the issue of venue. Edwards v. State, 97 S.W.3d 279, 285
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d). The jury could have reasonably
concluded from the evidence that the offense occurred within Fort Bend County,
Texas. We overrule appellant’s fifth issue. Closing Argument
 
                    In her sixth and final issue, appellant complains that the trial court erred in
overruling her objection to a comment made by the State in closing argument. The
relevant portion of the record is as follows.
                    State:                                Okay. I anticipate defense counsel is going to
tell you, well, Mayor Speck got special
treatment. Okay? That Ranger didn’t need to
be involved. What he’s doing is taking off
focus of what it is. He is going to tell you
Mervyn’s shouldn’t have given her that credit;
that was too easy; shouldn’t be allowed to go
in there with the name. Whether or not you
believe that’s [sic], that’s not why we’re here.
That’s a [sic] take focus off what she did. 
She’s the reason we’re here. She’s on trial. 
Make them explain to you what more evidence
there is than what we have. Other than you
being there, which [sic] a hundred percent
proof, and we’ve talked about that in Voir
Dire, they can’t tell you why Sue Speck
shouldn’t be interested in this case.
 
                    Defense Counsel:            Objection, Your Honor. I believe—may I
approach?
 
                    Court:                               Yes, you may.
 
                    (Outside the hearing of the jury)
 
                    Defense Counsel:            Your Honor, defendant does not have to
testify. Her comments are borderline on the
defendant’s failure to testify, what defense
counsel has to prove.
 
                    State:                                I don’t get this segue. I said make him tell you
what more evidence we could bring—we
could bring.
 
                    Defense Counsel:            The defendant tell—that comes under the
defendant’s— 
 
                    Court:                              Well, I think the instruction is very clear. Just
be careful.
 
                    Defense Counsel:            And for the record—for the record, I move for
a mistrial.
 
                    Court:                              I understand. Overruled. You may continue
your argument.
 
          (Emphasis added.)
                    On appeal, appellant complains of the statement: “Make them explain to you
what more evidence there is than what we have.” Appellant argues that this statement
was an improper comment on appellant’s failure to testify and that the trial court erred
in denying her objection on those grounds. 
                    Review of the record indicates that appellant’s objection was never ruled on by
the trial court. Appellant may therefore not complain now on appeal of the “denial”
of this objection; the judge’s response that “the instruction was clear,” and his
admonition to “[j]ust be careful,” was not an adverse ruling. Appellant did not press
for a ruling on her objection nor object to the trial court’s failure to rule on the
objection, so she has not preserved any error regarding her objection.


 Tex. R. App.
P. 33.1(a)(2); Cockrell, 933 S.W.2d at 89; DeRusse, 579 S.W.2d at 235.
                    Moreover, the complained-of comment, viewed from the jury’s standpoint and
within the context in which it was made, was not a clear reference to appellant’s
failure to testify, nor was such language manifestly intended or of such a character that
the jury would necessarily and naturally take it as a comment on her failure to testify. 
See Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)(“The test is
whether the language used was manifestly intended or was of such a character that the
jury would necessarily and naturally take it as a comment on the defendant’s failure
to testify.”). Rather, the argument, viewed in context, was a challenge to defense
counsel to explain what additional evidence the State had to bring in order to establish
appellant’s guilt. It was not a comment on appellant’s failure to bring evidence, much
less her failure to testify.          We overrule appellant’s sixth issue.    Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Publish. See Tex R. App. P. 47.2(b).