

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-10-00068-CR

———————————————

MENIA MARIA XAYAVONG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. CR-28306

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

At about midnight, Deshun Whitby was driving a Cadillac and Menia Maria Xayavong was driving a Lincoln Navigator traveling close together on Highway 59 in Angelina County. Whitby was stopped for a traffic violation; several miles further down the highway, Xayavong was stopped by a second officer for a separate traffic violation. Whitby's vehicle contained several pounds of marihuana, and Xayavong's vehicle had none, but Whitby's driver's license was found in Xayavong's vehicle. The arresting officer detected an odor of marihuana on the passenger in Xayavong's vehicle, Jack Sayadeth. The State charged Whitby, Xayavong, and Sayadeth with possession of the marihuana found in the Cadillac driven by Whitby. Whitby pled guilty, and Xayavong and Sayadeth were tried as co-actors. After the bench trial, both Xayavong and Sayadeth were found guilty and sentenced to two years' confinement in the state jail.

On appeal, Xayavong argues that the trial court erred by denying her motion for directed verdict because the evidence was legally and factually insufficient to support the conviction.

We reverse the trial court's judgment finding Xayavong guilty and render a judgment of acquittal because there is legally insufficient evidence linking her to the drugs.[1]

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## I.  Additional Facts

The driver of the Cadillac, Deshun Whitby, was nervous and did not have his driver's license or valid proof of insurance.  Whitby did not appear intoxicated or smell of alcohol or drugs.  Whitby claimed to be traveling alone, returning to Arkansas from visiting his brother in Houston.

Whitby testified, and a computer check on the license plate confirmed that the vehicle was registered to Xayavong.  The arresting officer testified that Whitby told him he was driving Xayavong's car because "his was broke down."  At trial, Whitby and Xayavong testified that, a few weeks prior to the events in question, Whitby agreed to purchase the Cadillac from his former schoolmate, Xayavong.  He paid her $500.00, and she allowed him to drive the car while making payments on the balance.

Whitby gave consent to search the Cadillac.  Nothing was found in the passenger compartment, but four pounds of marihuana was discovered in the vehicle's trunk, concealed in the wheel well beneath a bolted-on speaker box.

About two miles from where the Cadillac was stopped, a second officer stopped Xayavong, driving the Lincoln, after she changed lanes twice without signaling.  The arresting officer testified that both Xayavong and Sayadeth were nervous and gave conflicting answers about their trip.  Xayavong said that she arrived in Houston on Wednesday and was visiting family there.

Sayadeth stated that he was visiting family in Houston and that he had arrived in Houston on Monday. She and Sayadeth both claimed that no one was traveling with them, but Sayadeth later admitted that a friend of theirs was driving Xayavong's car back to Arkansas for them.[2] While questioning Sayadeth, the officer noticed the smell of marihuana on Sayadeth and, based on that smell, he searched the vehicle. The only thing of note that was found during the search was Whitby's driver's license.

Whitby pled guilty and admitted that he bought and hid the drugs and that neither of the other two defendants knew anything about it.

## II.     There Is Legally Insufficient Evidence Linking Xayavong to the Drugs Found in the Cadillac

Xayavong argues that the trial court erred by denying her motion for directed verdict because the evidence was legally insufficient to link her to the marihuana found in the Cadillac. We agree.

In reviewing the evidence for sufficiency, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). In the *Brooks* plurality opinion, the Texas Court of Criminal Appeals found "no

---

[2]At trial, Xayavong, Sayadeth, and Whitby all testified that the Lincoln was having car trouble and they were concerned that it might break down on the trip back from Houston. Whitby agreed to drive the Cadillac and travel with them in case of car trouble.

meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis*[3] factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision). Further, a proper application of the *Jackson v. Virginia* legal sufficiency standard is as exacting a standard as any factual sufficiency standard. *See id.* at *11. In a concurring opinion, Judge Cochran pointed out that the United States Supreme Court has rejected a legal sufficiency test that requires a finding that "no evidence" supports the verdict because it affords inadequate protection against potential misapplication of the "reasonable doubt" standard in criminal cases. *Id.* at *16 (Cochran, J., concurring). Rather than meeting a mere "no evidence" test, legal sufficiency is judged not by the quantity of evidence, but by the quality of the evidence and the level of certainty it engenders in the fact-finder's mind. *Id.* at *17.

In order to prove its case under Section 481.121 of the Texas Health and Safety Code,[4] the State was required to prove that (1) Xayavong exercised actual care, control, and management over the contraband; and (2) Xayavong knew the substance in her possession was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Murphy v. State*, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 791 (Tex. Crim. App. 2007); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp.

---

[3]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).
[4]TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2010).

5

2010).

Generally, when an accused is not in exclusive possession of the place where contraband is found, additional independent facts and circumstances must be developed which link the defendant to the contraband in order to raise a reasonable inference of the defendant's knowledge and control of the contraband. *Poindexter*, 153 S.W.3d at 406. This rule is designed to protect an innocent bystander from conviction merely because of fortuitous proximity to someone else's drugs. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the vicinity of a controlled substance is insufficient to show possession. But proximity, when combined with other direct or circumstantial evidence, may be sufficient to establish beyond a reasonable doubt a person's possession of a controlled substance.[5] *See id.* (direct or circumstantial evidence may be sufficient to establish possession beyond a reasonable doubt). The evidence linking the accused to the contraband "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

The following is a nonexclusive list of factors that have been found to be sufficient, either singly or in combination, to establish a person's possession of contraband: (1) the defendant's

---

[5]The Texas Court of Criminal Appeals acknowledged, in a discussion of the "affirmative links" test, that the term "affirmative" adds nothing to the plain meaning of "link." When the term "link" is utilized, it is clear that evidence of drug possession is judged by the same standard as all other evidence. *Evans*, 202 S.W.3d at 162.

presence when a search is conducted; (2) whether the contraband was in plain view; (3) whether the contraband was in close proximity to, or accessible by, the defendant; (4) whether the place where the contraband was found was enclosed; (5) whether the defendant was under the influence of narcotics when arrested; (6) whether the defendant possessed other contraband or narcotics when arrested; (7) whether the defendant made incriminating statements when arrested; (8) whether the defendant attempted to flee; (9) whether the defendant made furtive gestures; (10) whether there was an odor of contraband present at the scene; (11) whether other contraband or drug paraphernalia were present; (12) whether the defendant owned or had a right to possess the place where the contraband was found; (13) whether the defendant was found with a large amount of cash; (14) whether the defendant possessed weapons; and (15) whether conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd).

Whitby testified that he bought and concealed the drugs and stated that Xayavong had no knowledge of it. The State emphasizes that the drugs were found concealed in a vehicle Xayavong owned; that her passenger smelled of marihuana; that she, Sayadeth and Whitby were nervous and gave conflicting statements about their travels; and, even though the two vehicles were traveling together, she did not stop when Allen stopped the Cadillac. The evidence further shows that Xayavong was several miles away from where the marihuana was found. There is no evidence that it was ever accessible or in close proximity to Xayavong. The rule is usually

7

expressed that "presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links') may well be sufficient to establish [the element of possession] beyond a reasonable doubt." *Evans*, 202 S.W.3d at 162 (a strong proximity finding was established when the drugs were found "right under his nose" combined with other factors was legally sufficient evidence). Here, there is no evidence that Xayavong was in close proximity to the marihuana or had access to it; the links (ownership of vehicle, inconsistent statements, failure to stop) stand alone.

The State has cited *Duvall v. State*, 189 S.W.3d 828 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). In that case, there was testimony that Duvall placed a bag containing the illegal substance in the vehicle and, therefore, was jointly in possession of the substance even though Duvall was in another vehicle when the drug was seized. No such other connecting evidence is present in this case. Evidence that Xayavong owned the vehicle where the marihuana was found and that the vehicle Xayavong was driving contained the driver's license of Whitby are sufficient to establish a connection between the two drivers and vehicles, but even viewing the evidence in the light most favorable to the verdict, the quality of the evidence here is too weak and the links too attenuated for a rational trier of fact to find beyond a reasonable doubt that Xayavong knew of, or

had control over, the contraband. Accordingly, we reverse the trial court's judgment finding

Xayavong guilty and render a judgment of acquittal.[6]

Jack Carter
Justice

Date Submitted: November 9, 2010
Date Decided: November 10, 2010

Do Not Publish

---

[6]Xayavong also alleged that the evidence was factually insufficient. In *Brooks*, 2010 WL 3894613, at \*\*1, 14, a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis* and its progeny. The plurality and Judge Womack agreed that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Id.* Even before *Brooks*, we would not be required to review factual sufficiency here since we have found the evidence was legally insufficient.