In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00068-CR

                                                ______________________________

 

 

                               MENIA MARIA XAYAVONG,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-28306

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

At about midnight, Deshun Whitby was driving
a Cadillac and Menia Maria Xayavong was driving a Lincoln Navigator traveling
close together on Highway 59 in Angelina County.  Whitby was stopped for a traffic violation;
several miles further down the highway, Xayavong was stopped by a second officer
for a separate traffic violation.  Whitby’s
vehicle contained several pounds of marihuana, and Xayavong’s vehicle had none,
but Whitby’s driver’s license was found in Xayavong’s vehicle.  The arresting officer detected an odor of
marihuana on the passenger in Xayavong’s vehicle, Jack Sayadeth.  The State charged Whitby, Xayavong, and
Sayadeth with possession of the marihuana
found in the Cadillac driven by Whitby.  Whitby
pled guilty, and Xayavong and Sayadeth were tried as co-actors.  After the bench trial, both Xayavong and
Sayadeth were found guilty and sentenced to two years’ confinement in the state
jail.    

On appeal, Xayavong argues that the trial
court erred by denying her motion for directed verdict because the evidence was
legally and factually insufficient to support the conviction.

We reverse the trial court’s judgment
finding Xayavong guilty and render a judgment of acquittal because there is
legally insufficient evidence linking her to the drugs.[1]

 

 

I.          Additional Facts

 

The
driver of the Cadillac, Deshun Whitby, was nervous and did not have his driver’s
license or valid proof of insurance. 
Whitby did not appear intoxicated or smell of alcohol or drugs.  Whitby claimed to be traveling alone,
returning to Arkansas from visiting his brother in Houston. 

Whitby
testified, and a computer check on the license plate confirmed that the vehicle
was registered to Xayavong.  The
arresting officer testified that Whitby told him he was driving Xayavong’s car
because “his was broke down.”  At trial,
Whitby and Xayavong testified that, a few weeks prior to the events in
question, Whitby agreed to purchase the Cadillac from his former schoolmate,
Xayavong.  He paid her $500.00, and she
allowed him to drive the car while making payments on the balance.  

Whitby
gave consent to search the Cadillac.  Nothing
was found in the passenger compartment, but four pounds of marihuana was
discovered in the vehicle’s trunk, concealed in the wheel well beneath a
bolted-on speaker box.  

About
two miles from where the Cadillac was stopped, a second officer stopped
Xayavong, driving the Lincoln, after she changed lanes twice without signaling.  The arresting officer testified that both
Xayavong and Sayadeth were nervous and gave conflicting answers about their
trip.  Xayavong said that she arrived in
Houston on Wednesday and was visiting family there.  Sayadeth stated that he was visiting family
in Houston and that he had arrived in Houston on Monday.  She and Sayadeth both claimed that no one was
traveling with them, but Sayadeth later admitted that a friend of theirs was
driving Xayavong’s car back to Arkansas for them.[2]  While questioning Sayadeth, the officer noticed
the smell of marihuana on Sayadeth and, based on that smell, he searched the
vehicle.  The only thing of note that was
found during the search was Whitby’s driver’s license. 

Whitby
pled guilty and admitted that he bought and hid the drugs and that neither of
the other two defendants knew anything about it.  

II.        There Is Legally Insufficient Evidence
Linking Xayavong to the Drugs Found in the             Cadillac

 

Xayavong argues that the trial court erred
by denying her motion for directed verdict because the evidence was legally
insufficient to link her to the marihuana found in the Cadillac.  We agree.

            In reviewing
the evidence for sufficiency, we consider the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318–19 (1979).  In the Brooks
plurality opinion, the Texas Court of Criminal Appeals found “no meaningful
distinction between the Jackson v.
Virginia legal-sufficiency standard and the Clewis[3] factual-sufficiency
standard, and these two standards have become indistinguishable.”  Brooks v.
State, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6,
2010) (4-1-4 decision).  Further, a
proper application of the Jackson v.
Virginia legal sufficiency standard is as exacting a standard as any
factual sufficiency standard.  See id. at *11.  In a concurring opinion, Judge Cochran
pointed out that the United States Supreme Court has rejected a legal
sufficiency test that requires a finding that “no evidence” supports the
verdict because it affords inadequate protection against potential
misapplication of the “reasonable doubt” standard in criminal cases.  Id.
at *16 (Cochran, J., concurring).  Rather
than meeting a mere “no evidence” test, legal sufficiency is judged not by the
quantity of evidence, but by the quality of the evidence and the level of
certainty it engenders in the fact-finder’s mind.  Id.
at *17.

            In order to
prove its case under Section 481.121 of the Texas Health and Safety Code,[4]
the State was required to prove that (1) Xayavong exercised actual care,
control, and management over the contraband; and (2) Xayavong knew the
substance in her possession was contraband. 
Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005); Murphy
v. State, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), aff’d, 239 S.W.3d 791 (Tex. Crim. App.
2007); see Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2010).  “Possession” is defined as “actual care,
custody, control, or management.”  Tex. Penal Code Ann. § 1.07(a)(39)
(Vernon Supp. 2010).

            Generally,
when an accused is not in exclusive possession of the place where contraband is
found, additional independent facts and circumstances must be developed which
link the defendant to the contraband in order to raise a reasonable inference
of the defendant’s knowledge and control of the contraband.  Poindexter,
153 S.W.3d at 406.  This rule is designed
to protect an innocent bystander from conviction merely because of fortuitous
proximity to someone else’s drugs.  Evans v. State, 202 S.W.3d 158, 161–62
(Tex. Crim. App. 2006).  Mere presence in
the vicinity of a controlled substance is insufficient to show possession.  But proximity, when combined with other
direct or circumstantial evidence, may be sufficient to establish beyond a
reasonable doubt a person’s possession of a controlled substance.[5]  See id.
(direct or circumstantial evidence may be sufficient to establish possession
beyond a reasonable doubt).  The evidence
linking the accused to the contraband “must establish, to the requisite level
of confidence, that the accused’s connection with the drug was more than just
fortuitous.”  Poindexter, 153 S.W.3d at 405–06. 
The number of links is not dispositive; rather, we look to the “logical
force of all of the evidence, direct and circumstantial.”  Evans,
202 S.W.3d at 162.

            The
following is a nonexclusive list of factors that have been found to be
sufficient, either singly or in combination, to establish a person’s possession
of contraband:  (1) the defendant’s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) whether the contraband was in close proximity to, or accessible by,
the defendant; (4) whether the place where the contraband was found was
enclosed; (5) whether the defendant was under the influence of narcotics when
arrested; (6) whether the defendant possessed other contraband or narcotics
when arrested; (7) whether the defendant made incriminating statements when
arrested; (8) whether the defendant attempted to flee; (9) whether the
defendant made furtive gestures; (10) whether there was an odor of
contraband present at the scene; (11) whether other contraband or drug
paraphernalia were present; (12) whether the defendant owned or had a right to
possess the place where the contraband was found; (13) whether the defendant
was found with a large amount of cash; (14) whether the defendant possessed
weapons; and (15) whether conduct of the defendant indicated a consciousness of
guilt.  Evans, 202 S.W.3d at 162 n.12; Hargrove
v. State, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref’d).

            Whitby
testified that he bought and concealed the drugs and stated that Xayavong had
no knowledge of it.  The State emphasizes
that the drugs were found concealed in a vehicle Xayavong owned; that her
passenger smelled of marihuana; that she, Sayadeth and Whitby were nervous and
gave conflicting statements about their travels; and, even though the two
vehicles were traveling together, she did not stop when Allen stopped the Cadillac.
 The evidence further shows that Xayavong
was several miles away from where the marihuana was found.  There is no evidence that it was ever
accessible or in close proximity to Xayavong. 
The rule is usually expressed that “presence or proximity, when combined
with other evidence, either direct or circumstantial (e.g., ‘links’) may well
be sufficient to establish [the element of possession] beyond a reasonable
doubt.”  Evans, 202 S.W.3d at 162 (a strong proximity finding was
established when the drugs were found “right under his nose” combined with
other factors was legally sufficient evidence). 
Here, there is no evidence that Xayavong was in close proximity to the
marihuana or had access to it; the links (ownership of vehicle, inconsistent
statements, failure to stop) stand alone.  


            The State
has cited Duvall v. State, 189 S.W.3d
828 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  In that case, there was testimony that Duvall
placed a bag containing the illegal substance in the vehicle and, therefore,
was jointly in possession of the substance even though Duvall was in another
vehicle when the drug was seized.  No
such other connecting evidence is present in this case.  Evidence that Xayavong owned the vehicle
where the marihuana was found and that the vehicle Xayavong was driving
contained the driver’s license of Whitby are sufficient to establish a
connection between the two drivers and vehicles, but even viewing the evidence
in the light most favorable to the verdict, the quality of the evidence here is
too weak and the links too attenuated for a rational trier of fact to find beyond
a reasonable doubt that Xayavong knew of, or 

 

 

 

 

 

 

 

 

 

had control over, the contraband.  Accordingly, we reverse the trial court’s
judgment finding Xayavong guilty and render a judgment of acquittal.[6]

 

 

                                    

                                                                                    Jack Carter

                                                                                    Justice

 

Date Submitted:          November
9, 2010

Date Decided:             November
10, 2010                

 

Do Not Publish           

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]At trial, Xayavong, Sayadeth, and Whitby all
testified that the Lincoln was having car trouble and they were concerned that
it might break down on the trip back from Houston.  Whitby agreed to drive the Cadillac and
travel with them in case of car trouble.

 





[3]Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).





[4]Tex. Health & Safety Code Ann. §
481.121 (Vernon 2010).

 





[5]The Texas Court of Criminal Appeals acknowledged, in a
discussion of the “affirmative links” test, that the term “affirmative” adds
nothing to the plain meaning of “link.”  When
the term “link” is utilized, it is clear that evidence of drug possession is
judged by the same standard as all other evidence.  Evans,
202 S.W.3d at 162.

 





[6]Xayavong
also alleged that the evidence was factually insufficient.  In Brooks,
2010 WL 3894613, at **1, 14, a plurality of the Texas Court of Criminal Appeals
abolished the factual sufficiency review established by Clewis and its progeny.  The
plurality and Judge Womack agreed that the Jackson
v. Virginia legal-sufficiency standard is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.  Id.  Even before Brooks, we would not be required to
review factual sufficiency here since we have found the evidence was legally
insufficient.