Opinion issued
December 2, 2010



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

Nos.  01-09-00285-CR


          01-09-00286-CR

          01-09-00287-CR

———————————

Timothy James Anglin, Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas



Trial Court Case No. 46653, 46654, 46655

 



 

 

 MEMORANDUM OPINION

 

          Appellant,
Timothy James Anglin, appeals from a judgment convicting him on three counts of
aggravated sexual assault of a child.  See Tex.
Penal Code Ann. § 22.021
(Vernon Supp. 2010).  Appellant pleaded not guilty to each offense.  The
trial court found him guilty of each offense and sentenced him to three
consecutive terms of life in prison.  In
two issues, appellant contends that the evidence is legally and factually
insufficient to establish his guilt.  We
conclude that the evidence is sufficient.  We affirm.

Background

          Before moving to
Arkansas when she was around ten years old, complainant lived in Houston,
Texas, and Richmond, Texas, with her two brothers, her mother, her three
sisters, and her stepfather.  From about
September 1993, when complainant was five years old, until September or
December 1994, when complainant was six or seven years old, complainant and her
family lived with appellant and his future wife.

          Complainant
testified that she was sometimes alone with appellant and that he would
sometimes take her to houses where he cleaned pools.  Appellant took complainant with him to clean
pools on more than one occasion.  On one
of these trips, appellant took complainant to an abandoned house where he instructed
her to crawl through a window at the back of the house and unlock the front
door for him to come inside.  Appellant
told complainant to take her clothes off and lie down in the doorway to a
bathroom.  Appellant got on his hands and
knees, pushed complainant’s legs apart, and put his mouth on her female sexual
organ.  Complainant testified that this
was not the first time that appellant had done this and that each incident
lasted only “for a little bit.”  In the
instance described by complainant, appellant also put his fingers inside her female
sexual organ.  

          Complainant
also said that she was on the bed in the bedroom of the same house at some
point, but she could not remember whether that was the same instance described
above or a separate occasion.  When complainant
was on the bed, appellant “stuck his penis in [her] mouth.”  During the same occasion, appellant also put
his mouth on complainant’s female sexual organ and penetrated her female sexual
organ with his fingers.  Appellant then told
complainant that he would kill her if she told anyone what had happened.  Complainant testified that, although she did
not know the exact location of the house where the events described above took
place, she knew that “it was within driving distance.  It wasn’t very far.”  Complainant also stated that appellant
engaged in similar behavior “another time [in] the house in the attic.”  Complainant also described the incident “in
the attic,” but could only describe the house where this incident occurred as a
“two-story.  It was white, old looking.”  This event took place at a house separate from
the house where the two assaults described above occurred.  Complainant stated:

He took me into the abandoned house and we walked up to
the attic and it was the same as every other time.  He made me take my clothes off and lay down
on the ground on my back facing up and he would take—he would take his pants
down and he would tell me to take my pants off. 
Sometimes he would help but he mostly would make me take my pants off,
and he would kneel down and then spread my legs and put his mouth on my vagina.

 

          Complainant
testified that she was under the age of fourteen when appellant assaulted her
and that she was not appellant’s spouse. 
Complainant then confirmed that appellant’s male sexual organ penetrated
her mouth at the time when “he made [her] sit on the bed,” that appellant’s
finger penetrated her female sexual organ during that same incident or during a
separate incident in what she believed to be the same house, and that appellant
also put his mouth on her female sexual organ. 


          Complainant
testified that, when she was younger, she did not tell anyone what appellant
had done to her because she was afraid that he would kill her as he had
threatened to do.  Complainant identified
appellant as the man who had assaulted her. 


          Complainant
stated that, when she was sixteen or seventeen years old, her mother woke her
up one night and asked if appellant had “ever done anything” to her.  On that night, complainant described to her
mother and stepfather the events she described in court.  Later, complainant gave a written statement
to a sheriff’s office in Ohio.  

          The
complainant’s mother explained that appellant was the best friend of her
ex-husband.  Sometime in late 1993, the
complainant’s mother and her children, including complainant, moved in with appellant
and his future wife in Richmond, Fort Bend County, Texas.  They remained there until sometime between
September and December of 1994.  At that
time, appellant was employed by a pool cleaning company.  The complainant’s mother allowed her children
to accompany appellant every once in a while when he went to work so that they
could swim while he cleaned the pool. 
The complainant’s mother testified that she trusted appellant with her
children.  Sometimes appellant would take
complainant without anyone else.

          Appellant
presented testimony in his defense during the guilt-innocence phase of
trial.  Scott Anglin, appellant’s uncle,
testified he worked at the same company as appellant.  He testified that the company’s policy did
not allow their employees to have passengers in the company trucks.  He also testified that he never saw
complainant or anyone else in the truck with appellant.  

          Appellant’s
wife testified that she lived in the house in Richmond with complainant’s
mother and her children.  At that time, appellant
was working for the pool cleaning company. 
Appellant’s wife also testified that appellant never took complainant anywhere
in his work truck, his personal truck, or on his motorcycle and that he never
took complainant swimming.  

          In trial court cause number 46653,
appellate number 01-09-00285-CR, appellant was convicted of aggravated sexual
assault of a child for intentionally and knowingly contacting and penetrating
complainant’s mouth with his sexual organ. 
In trial court cause number 46654, appellate number 01-09-00286-CR,
appellant was convicted of aggravated sexual assault of a child for
intentionally and knowingly contacting complainant’s sexual organ with his
mouth.  In trial court cause number
46655, appellate number 01-09-00287-CR, appellant was convicted of aggravated
sexual assault of a child for intentionally and knowingly penetrating
complainant’s sexual organ with his finger.

Sufficiency of
the Evidence

          In his two issues, appellant challenges the legal and factual
sufficiency of the evidence to establish (1) his guilt for the offenses of
aggravated sexual assault of a child, (2) that venue in Fort Bend County was
proper, and (3) the dates of the offense.

A.      Proof of Guilt of Aggravated Sexual
Assault

          Appellant challenges the legal and
factual sufficiency of the evidence to prove his guilt for the offenses of
aggravated sexual assault of a child by asserting that the uncorroborated
testimony of complainant is not sufficient to support his convictions.

1.       Standard of Review

This
Court now reviews both legal and factual sufficiency
challenges using the same standard of review. 
Ervin v. State, No.
01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed) (construing
majority holding of Brooks v. State,
PD-0210-09, 2010 WL 3894613, at *14, *21–22
(Tex. Crim. App. Oct. 6, 2010)).  Under
this standard, evidence is insufficient to support a conviction if, considering
all the record evidence in the light most favorable to the verdict, no rational
factfinder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); In re Winship,
397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  Viewed in the light most favorable to the
verdict, the evidence is insufficient under this standard in two
circumstances:  (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11,
2789; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged.  Williams, 235 S.W.3d at 750.

If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See Tibbs
v. Florida, 457 U.S. 31, 41,
102 S. Ct. 2211, 2218 (1982).  An appellate court determines whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
when viewed in the light most favorable to the verdict.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007).  In viewing the record,
direct and circumstantial evidence are treated equally; circumstantial evidence
is as probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Id.
(citing Hooper, 214 S.W.3d at 13).  An appellate court presumes that the factfinder
resolved any conflicting inferences in favor of the verdict and defers to that
resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
of the evidence and weight to give the evidence.  See Williams, 235 S.W.3d at 750.

The testimony of a victim,
even when the victim is a child, is alone sufficient to support a conviction
for sexual assault.  See
Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005);
Carty v. State, 178
S.W.3d 297, 303 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d); Jensen
v. State, 66 S.W.3d 528,
534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Sandoval
v.
State, 52 S.W.3d 851, 854
n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).

2.       Elements of Aggravated
Sexual Assault

          A person commits aggravated sexual
assault when he intentionally or knowingly causes the penetration, by any
means, of the sexual organ of a child younger than fourteen years of age.  See
Tex. Penal Code Ann. § 22.021(a)(1)(B)(i),
22.021(a)(2)(B).  A person also commits
aggravated sexual assault when he intentionally or knowingly causes his mouth
to contact the sexual organ of a child younger than fourteen years of age.  See id.
§ 22.021(a)(1)(B)(iii), 22.021(a)(2)(B).  Furthermore, a person commits aggravated
sexual assault when he intentionally or knowingly causes his sexual organ to
contact or penetrate the mouth of a child younger than fourteen years of
age.  See
id. § 22.021(a)(1)(B)(ii), 22.021(a)(2)(B).

3.       Analysis

          Appellant contends the evidence is
insufficient based upon his assertions that the complainant’s testimony lacks
credibility because it is inconsistent and uncorroborated by physical evidence
or other testimony.  He points out that
complainant was unable to identify the time or location of the assaults with
certainty.  Appellant also identifies the
testimony he elicited in his defense that he never took complainant anywhere in
his work truck or on his motorcycle. 
Appellant essentially asks that we conclude that complainant is not
credible even though the fact finder found her credible.  An
appellate court, however, may not reevaluate the weight and credibility of the
record evidence and thereby substitute its own judgment for that of the fact
finder.  Williams, 235 S.W.3d at
750.  Furthermore, complainant’s
mother testified that appellant occasionally took complainant with him to clean
pools, contradicting the witnesses that appellant presented on his own
behalf.  

          Appellant also contends that the
absence of medical findings makes the evidence insufficient.  However, there is no requirement that a
victim’s testimony of penetration be corroborated by medical testimony or other
physical evidence.  See Bargas v. State, 252 S.W.3d 876, 887–889 (Tex. App.—Houston [14th
Dist.] 2008, no pet.) (holding evidence legally sufficient even though there
was no physical evidence and victim’s story was not corroborated by other
witnesses); Jensen, 66 S.W.3d at 534.

          Here,
complainant testified that she was under fourteen years of age when she was
assaulted by appellant in the summer of 1994. 
Complainant testified that appellant penetrated her mouth with his penis.  Complainant testified that appellant put his
mouth on her female sexual organ. 
Complainant testified that appellant put his finger inside her female
sexual organ.  Viewing the evidence in the
light most favorable to the verdict, we determine that the jury could have
rationally found each essential element of the aggravated sexual assaults of a
child was proven beyond a reasonable doubt, and therefore, we hold that the
evidence is sufficient to sustain appellant’s convictions.  See
Bargas, 252 S.W.3d at 887–889; Carty, 178 S.W.3d at 303; Jensen, 66 S.W.3d at 534.

 

B.      Venue

          Appellant challenges the sufficiency
of the evidence to show that the aggravated sexual assaults occurred in Fort
Bend County.

1.       Standard of Review

          Evidence is insufficient to establish
venue if, considering all the evidence admitted at trial, no rational fact
finder could have found that the charged offense occurred in the county alleged
by a preponderance of the evidence.  See Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005) (prosecution
bears burden of proving proper venue by preponderance of evidence); Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964); Thierry v. State, 288 S.W.3d 80, 90 (Tex. App.—Houston [1st
Dist.] 2009, pet. ref’d) (sufficiency of evidence to establish venue is not
reviewed under Jackson standard as
venue is not essential element of offense); Duvall v. State, 189 S.W.3d
828, 830–31 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).

2.       Propriety of Venue for Sexual Assault

          Venue is proper for the trial of a sexual assault in (1) the
county in which the sexual assault is committed, or (2) any county through or
into which the victim is transported in the course of the sexual assault.  See Tex Code Crim. Proc. art. 13.15 (Vernon
2005).  Additionally, if an offense has
been committed within Texas, but it cannot be readily determined within which
county or counties the commission took place, venue is proper in (1) the county
in which the defendant resides, (2) the county in which the defendant is
apprehended, or (3) the county to which he is extradited.  See Tex Code Crim. Proc. art. 13.19 (Vernon
2005).  

3.       Analysis

Appellant supports his challenge that the evidence was
insufficient to show that the aggravated sexual assaults occurred in Fort Bend
County by asserting that complainant testified that she did not know the
specific location of the houses where she was sexually assaulted and that she
did not know if the houses were located in Richmond, Texas or in Fort Bend
County.  Appellant also points to the
testimony of Detective Mark Williams of the Fort Bend County Sheriff’s office
who testified that he was unable to locate any of the places where the sexual
assaults occurred and that it was possible the offense could have happened in
another county.

When the sexual assaults occurred, appellant and complainant
were both living in the same house located in Richmond, Texas, which is within
Fort Bend County.  Complainant testified
that appellant transported her in his pool-cleaning truck from her house to
another house located a short drive away where he sexually assaulted her.  Appellant cleaned the pool at that house, and
the owner of the pool cleaning company testified that appellant’s pool-cleaning
jobs all should have occurred within Fort Bend County.  Complainant also testified that, on another
occasion, appellant transported her on his motorcycle from her house to an
abandoned house located a short drive away where he sexually assaulted her in
the attic.  Detective Mark Williams
testified that one would have to drive for many miles before one would be
outside of Fort Bend County.  

          From this evidence, the jury could
have rationally found by the preponderance of the evidence that sexual assaults
occurred in Fort Bend County or that appellant transported complainant through
Fort Bend County in the course of committing the sexual assaults.  See Tex Code Crim. Proc. art. 13.15.

C.      Dates of the Offenses

          Appellant challenges the sufficiency
of the evidence to show that the aggravated sexual assaults occurred on or
around July 1 or July 15, 1994, by asserting that complainant testified that
she did not know whether the assaults occurred on or around those dates.  However, Complainant testified that the
sexual assaults occurred sometime during the summer of 1994, which is “around
July 1 or July 15, 1994.”

          Unless expressly made so, time is not
a material element of an offense.  See Garcia v. State, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).  The primary purpose of specifying a date in the indictment is
to show that the prosecution is not barred by the statute of limitations.  Id.  However, aggravated sexual assault of a child
has no period of limitations.  See Tex.
Code Crim. Proc. Ann. art. 12.01(1)(B) (Vernon Supp. 2010); Tex. Penal Code Ann. § 22.021(a)(1)(B).

          We overrule appellant’s first and
second issues.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).