Opinion issued
January 27, 2011

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-00980-CR

____________

 








ERNESTO HULL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1129132

 

 



MEMORANDUM OPINION

A jury
found Ernesto Hull guilty of possession of cocaine weighing more than 200 grams
and less than 400 grams and assessed punishment at 43 years’ confinement in the
Texas Department of Criminal Justice Institutional Division.  See Tex. Health & Safety Code Ann. § 481.115(a),
(e) (West 2010).  On appeal, Hull
contends (1) the evidence was insufficient to support the verdict; (2) the
trial court erred in denying his motion to suppress a search warrant and the
products of the search; and (3) he received ineffective assistance of
counsel.  We affirm the judgment of the
trial court.  

Background

          A confidential informant told
Detective Michael Cooper that Hull was holding stolen property and selling
drugs out of his home.  The informant had
provided information to Detective Cooper in the past and identified Hull in
exchange for leniency on multiple theft charges.  The informant assisted Detective Michael
Biggs in buying cocaine from Hull undercover. 


After
successfully buying cocaine from Hull, Detective Biggs sought and received a
search warrant for the home and the surrounding premises and curbage.[1]  Approximately twelve officers from various
law enforcement agencies were conducting surveillance outside Hull’s home at
the time.  Detective Biggs notified the
surveillance team that he had obtained a warrant and took up a position down
the street. 

Detective
Cooper sat in an unmarked car in a driveway next door with an unobstructed view
of Hull’s driveway.  A trash pile
approximately two to three feet tall and nine to ten feet wide sat on Hull’s
driveway eight feet from Detective Cooper. 
Detective Cooper saw Hull walk out of his house and place a brown paper
bag on the trash pile.  A few minutes
later Hull and a woman, later identified as Paula Reed, left the house and
drove away.  Law enforcement officers
conducted a search of Hull’s home and premises at approximately 3:30 p.m.  Detective Cooper found 203.4 grams of cocaine
and 1.2 pounds of marijuana in the brown paper bag Hull left on the trash
pile.  

          Law enforcement officers followed Hull
who repeatedly checked his rear view mirror and refused to stop when signaled
by a marked police car.  Driving 90 miles
per hour Hull collided with one of the police cars.  He ran from the wreck and pulled out a
gun.  Officer David Matlock hit Hull with
his car, stopping him.  Other officers
used tasers on Hull when he failed to comply with instructions regarding his
hands and gun.  After securing Hull, law
enforcement officers found a gun underneath Hull’s body, a gun on the ground a
foot from the open driver’s side door, and a clear container of two packets of
powder and crack cocaine on the front seat of his car weighing respectively
2.89 grams and 5.3 grams.

Hull was
indicted for possession of a controlled substance, cocaine, weighing more than
200 grams and less than 400 grams.  Hull
filed pretrial motions to disclose the confidential informant and to suppress
the search warrant and the products of the search.  The trial court denied the motion to disclose
the informant after conducting an in
camera hearing with Detective Cooper.

In his
motion to suppress, Hull asserted that, on its face, the warrant indicated it
had been issued at 11:47 p.m., after law enforcement performed the search.  The “p” in “11:47 p.m.” had been crossed out
and replaced with an “a” so that the warrant would show that it had been signed
at “11:47 a.m.”  The officer’s return
indicated the warrant was in hand at 11:47 p.m. 
At the hearing on the motion to suppress, Detective Biggs testified that
the warrant was signed at 11:47 a.m. and executed at approximately 3:30
p.m.  He stated he mistakenly wrote
“p.m.” on the officer’s return.  He
testified the magistrate must have changed “p.m.” to “a.m.” because only he and
the magistrate handled the warrant.  He
did not, however, see the magistrate make the correction.  The trial court denied Hull’s motion to
suppress. 

The jury heard testimony from Detectives Cooper and Biggs regarding the
confidential informant, the drugs in the brown paper bag, and the process of
obtaining the search warrant.  A crime
lab technician identified the drugs found as cocaine and marijuana and
testified that the aggregate weight of the drugs was between 200 grams and 400
grams.  Several law enforcement officers
testified to apprehending Hull and the cocaine found in his car.  The magistrate who signed the warrant
testified he believed he issued the warrant at 11:47 a.m. and had made the
correction to the time.  The jury found
Hull guilty and assessed punishment at 43 years’ confinement.  The trial court rendered judgment and Hull
timely appealed. 

Sufficiency of the
Evidence

          In
his first and second issues, Hull contends the evidence was insufficient to
show his knowing possession of the drugs found in the brown paper bag.  

I.       Elements of Possession 

          To
prove unlawful possession of a controlled substance, the State must prove the
defendant exercised control, management, or care over the substance and that he
knew the matter possessed was contraband. 
See Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  Regardless
of whether the evidence is direct or circumstantial, it must establish that a
defendant’s connection to the contraband was more than fortuitous.  Id. at 405–06.  Mere presence at the location where drugs are
found is insufficient, by itself, to establish care, custody, and control.  Lair v.
State, 265 S.W.3d 580, 585 (Tex. App.—[1st Dist.] 2008, pet. ref’d) (citing
Evans v. State, 202 S.W.3d 158, 162
(Tex. Crim. App. 2006)).  But presence or
proximity of contraband, when combined with other evidence, may be sufficient
to establish the element of possession beyond a reasonable doubt.  Evans, 202 S.W.3d at 162.

If
the defendant does not have exclusive possession of the place where the drugs
are found, then independent facts and circumstances must link him to the
drugs.  Lair, 265 S.W.3d at 585.  Though
not an exhaustive list, the Court of Criminal Appeals has recognized the
following factors as affirmative links to establish knowing possession: (1) the
defendant’s presence when a search is conducted; (2) whether the contraband was
in plain view; (3) the defendant’s proximity to and the accessibility of the
contraband; (4) whether the defendant was under the influence of narcotics when
arrested; (5) whether the defendant possessed other contraband when arrested;
(6) whether the defendant made incriminating statements when arrested; (7)
whether the defendant attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia was present; (11) whether the defendant owned
or had the right to possess the place where the contraband was found; (12)
whether the place where the contraband was found was enclosed; (13) whether the
defendant was found with a large amount of cash; and (14) whether the conduct
of the defendant indicated a consciousness of guilt.  Evans, 202 S.W.3d at 162 n.12.  The number of links is not dispositive, but
rather the we must consider the logical force of all of the evidence, both
direct and circumstantial.  Id. at
162.  

II.      Standard
of Review

When
evaluating the sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Williams
v. State, 301 S.W.3d 675, 684–85
(Tex. Crim. App. 2009).  The standard of
review articulated in Jackson v. Virginia
applies to both legal and factual sufficiency challenges to the elements of
a criminal offense.  See Brooks v. State, 323 S.W.3d 893, 902 (Tex. Crim. App.
2010).  We consider both direct and
circumstantial evidence, and all reasonable inferences that may be drawn from
the evidence in making our determination. 
See Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007).  We do
not resolve any conflicts of fact, weigh any evidence, or evaluate the
credibility of any witnesses, as these are the functions of the trier of fact.  See
Williams, 301 S.W.3d at 684.

III.    Sufficient
Evidence of Knowledge

          Hull contends the State presented insufficient evidence to
establish his connection to the brown paper bag and his knowledge of the
cocaine inside.  He observes that no
witness testified to seeing Hull load the bag, reach inside the bag, or in any
way handle its contents.  Also, a third
party, Reed, was present in the house and the car, and therefore Hull did not
have exclusive possession of the place where the drugs were found.  

          Cocaine
was found in both the bag and Hull’s car and the State presented evidence of a
number of the affirmative links to demonstrate knowing possession of that
cocaine.  The cocaine found in the car
was in plain view on the front seat.  Hull
was in close proximity to and had access to both the contraband in the paper
bag he put on the trash pile and the cocaine in the car he was driving.  The cocaine in the car was found at the time
of his arrest.  Hull fled from police and
repeatedly checked his rearview mirror. 
Hull owned and had a right to possess the house, trash pile, and car
where the cocaine was found.  Both the
car and the brown paper bag were in enclosed areas, and Hull’s high speed chase
from law enforcement indicates a consciousness of guilt.  See
Evans, 202 S.W.3d at 162.  

Considering
the cocaine found in the bag and the car, the logical force of the evidence
supports the jury’s finding that Hull exercised control over the cocaine and
knew he had cocaine in his possession.  See Duvall v. State, 189 S.W.3d 828, 832
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (holding evidence sufficient
to show knowing possession where defendant carried full duffle bag from hotel
room where marijuana residue found to trunk of car).  Viewing the evidence in the light most
favorable to the verdict, a rational jury could find Hull knowingly possessed
cocaine.  Id.  

We
overrule Hull’s first and second issues.

Motion to Suppress

           In his third issue, Hull contends the trial
court erred in denying his motion to suppress because the magistrate signed the
search warrant at 11:47 p.m. after law enforcement officers had performed the
search.  

I.
      Standard of Review

We
review a trial court’s ruling on a motion to suppress for abuse of discretion.  Shepherd v. State, 273 S.W.3d 681, 684 (Tex. Crim. App.
2008).  We must view the evidence in the
light most favorable to the trial court’s ruling.  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  When ruling on a motion to suppress, the
trial judge is the “sole and exclusive trier of fact and judge of the
credibility of the witnesses as well as the weight to be given their testimony.”
 Green v. State, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996).
 As such, we give “almost total
deference” to a trial court’s determination of historical facts.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We review de novo application of the law of search and seizure.  Carmouche,
10 S.W.3d at 327.  If the trial court’s
ruling on a motion to suppress is reasonably supported by the record and
correct on any theory of law applicable to the case, we must sustain the
ruling.  See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996).

II.      Validity of the Warrant 

Hull contends the magistrate signed the search warrant at 11:47 p.m.,
after the search of Hull’s home and premises had already been executed.  Hull asserts that
no initial appears next to the “a” added to the warrant and Detective Biggs
testified that he did not see the magistrate make the correction.  Hull also points to the officer’s return on
the back of the warrant that lists “11:47 p.m.” as the time Detective Biggs
received the warrant.  

          “[P]urely technical discrepancies in
dates and times do not automatically vitiate the validity of the search or
arrest warrants.”  Green v. State, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990); Sampson v. State, No. 01-03-00476-CR,
2004 WL 2415119, at *1 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004, pet.
ref’d) (mem. op., not designated for publication).  Technical defects
in the warrant may be cured by explanatory testimony or other evidence
extrinsic to the document in question.  Green, 799 S.W.2d at 759.  In Torbellin
v. State, No. 05-92-02159-CR, 1995 WL 259244, at *2 (Tex. App.—Dallas Apr.
27, 1995, pet. ref’d) (mem. op., not designated for publication), the receiving
officer testified that the magistrate made a technical error by writing “11:47
p.m.” instead of “11:47 a.m.” as the time he issued the warrant.  The officer’s explanatory testimony was
sufficient to cure the technical defect even though he testified that he did
not notice the magistrate make the mistake. 
Torbellin, 1995 WL 259244, at
*2.

          The facts here are identical to the
facts in Torbellin, including the
exact same time noted on the warrant. 
Detective Biggs testified at the motion to suppress hearing that he was
present when the magistrate signed the warrant at 11:47 a.m.  He also testified that he made a mistake on
the officer’s return by writing “p.m.” 
The fact that he did not notice the magistrate change the warrant from
“p.m.” to “a.m.” is not dispositive.  See id. 
Detective Bigg’s testimony was sufficient to cure the technical defect
on the face of the warrant, therefore the trial court did not err in denying
Hull’s motion to suppress.  See Sampson, 2004 WL
2415119, at *1.

          We overrule Hull’s third issue.

Ineffective Assistance of Counsel

In his
fourth issue, Hull contends he received ineffective assistance of counsel
because his counsel failed to get a ruling on his motion to disclose the
confidential informant.  To show ineffective assistance of counsel, a
defendant must demonstrate both that (1) his counsel’s performance fell below
an objective standard of reasonableness, and that (2) there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Strickland
v. Washington, 466 U.S.
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App.
2005).  A defendant has the burden to
establish both of these prongs by a preponderance of the evidence, and a
failure to make either showing defeats his ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  When the record is silent as to
counsel’s strategy, we will not speculate as to the reasons behind counsel’s
actions.  See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.).  

Hull’s
ineffective assistance claim rests on what he perceives as defense counsel’s
failure to seek an in camera hearing
or a ruling on his motion to disclose a confidential informant.  Our review of the record demonstrated that
the trial court conducted an in camera
hearing on the same day the parties conducted voir dire.  The trial court heard testimony from
Detective Cooper regarding contact with the informant, the informant’s
involvement in Hull’s arrest, and the informant’s credibility.  The trial court then denied Hull’s motion to
disclose.  The record therefore does not
support Hull’s claim that he received ineffective assistance of counsel.  

We
overrule his fourth issue.

Conclusion

          We affirm the judgment
of the trial court.  

                   

 

 

 

                                                                   Harvey Brown                                                                                                     Justice 

 

Panel consists of Justices Jennings,
Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           Curbage
includes any vehicles, buildings, or structures on the premises.